David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*RICK A. ERDMANN*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICK A. ERDMANN, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| GOLDMAN SACHS & CO, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. RICK A. ERDMANN ("Plaintiff"), by Plaintiff's attorneys, brings this action against GOLDMAN SACHS & CO, LLC ("Goldman") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff was, at all times herein, a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Goldman is a corporation doing business in the State of Nevada.

8. Goldman is a "user" as that term is intended under the FCRA. Anyone receiving a consumer report and applying it to a consumer is a user and must comply with the FCRA whether the user obtains or uses the report directly or indirectly. *Ross v. Res-Care, Inc., 2012 WL 3096093* (W.D. Ken. July 30, 2012).

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### **Goldman Impermissibly Pulled Plaintiff's Credit Information**

10. Plaintiff is informed and believes, and thereon alleges, that Goldman acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

11. Upon review of Plaintiff's ChexSystems credit report dated June 26, 2020, Plaintiff discovered Goldman submitted unauthorized credit report inquiries for ChexSystems for unspecified reasons.

12. Specifically, Goldman submitted inquiries on August 9 and November 29, 2019, as seen below.

```
Inquirer: TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL  60661
Phone Number: 800.916.8800

On Behalf Of: GOLDMAN SACHS BANK USA; 200 WEST STREET, NEW YORK, NY  10282
Phone Number: 212.902.1000
Inquiry Date: 11/29/2019                    SSN/ID Provided: XXX-XX-3384
```

```
Inquirer: TRANSUNION LLC; 555 W ADAMS ST, CHICAGO, IL  60661
Phone Number: 800.916.8800

On Behalf Of: GOLDMAN SACHS BANK USA; 200 WEST STREET, NEW YORK, NY  10282
Phone Number: 212.902.1000
Inquiry Date: 08/09/2019                    SSN/ID Provided: XXX-XX-3384
```

13. However, 15 U.S.C. § 1681b delineates the *only* permissible uses of, or access to, consumer reports.

14. Goldman had no permissible use of or access to Plaintiff's consumer reports.

15. Goldman's inquiry of Plaintiff's consumer report information for the purpose of collection or account review, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

16. Plaintiff had no account or business transaction with Goldman at the time Goldman requested Plaintiff's credit information.

17. Goldman accessed Plaintiff's credit report without consent or knowledge of Plaintiff.

18. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information.  The harm may be intangible, but is it is very real and concrete.

19. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of Plaintiff's information.

20. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

21. Goldman never notified Plaintiff of the illegal and impermissible access.

22. Goldman obtained Plaintiff's credit report and/or credit information under false pretenses by falsely representing that the purpose of such access was for collection or account review notwithstanding that the account no longer existed.

23. Goldman had no legitimate business need for Plaintiff's credit report.

24. Goldman willfully and negligently violated the Fair Credit Reporting Act through its above conduct.

25. Specifically, Goldman violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

26. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Obtaining a report without a permissible purpose constitutes an invasion of a legally protected interest in the confidentiality of Plaintiff's sensitive personal information. The harm may be intangible, but it is very real and concrete.

29. The prohibition on impermissible credit "pulls" is also a substantive provision, not procedural, in that it is a direct protection for the privacy of a consumer's information.

30. Accessing a consumer report without a permissible purpose would be similar to several common law torts that fall under the umbrella of invasion of privacy, such as the public disclosure of private facts or intrusion upon seclusion (in this case, intrusion on financial information).

31. Goldman's actions were willful under 15 U.S.C. §§ 1681n because Goldman was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

32. Plaintiff suffered an invasion of a legally protected interest when Goldman accessed Plaintiff's highly confidential personal information on Plaintiff's credit report at a time when Goldman had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

33. Plaintiff has a common law right to keep personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." 15 U.S.C. § 1681a(4).

34. Plaintiff was affected personally because when Plaintiff's realized the behavior of Goldman described above (pulling Plaintiff's credit report without any authorization), Plaintiff felt that Plaintiff's privacy was invaded and that Plaintiff's personal and private information was disclosed to Goldman, who had no right to Plaintiff's private information.

35. The injury suffered by Plaintiff is concrete because Goldman's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer an invasion of privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

36. Further, Goldman increased the risk that Plaintiff will be injured if there is a data breach on Goldman's computer systems by acquiring additional highly

sensitive information about Plaintiff and saving that information onto its computer systems. Data breaches are increasingly common (see, e.g., Data Breaches, Krebs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Goldman are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Date Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

37. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

38. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 22, 2020

    Respectfully submitted,

By   /s/ David Krieger, Esq.
    David Krieger, Esq.
    Nevada Bar No. 9086
    Shawn Miller, Esq.
    Nevada Bar No. 7825
    KRIEGER LAW GROUP, LLC
    2850 W. Horizon Ridge Parkway
    Suite 200
    Henderson, Nevada 89052
    Phone: (702) 848-3855
    Email: dkrieger@kriegerlawgroup.com
    Email: smiller@kriegerlawgroup.com